**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2229
_____

ALEKSEY LOSHA SOSONKO,
                                        Appellant

v.

DIRECTOR FEDERAL BUREAU OF PRISONS; WARDEN LORETTO FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3:23-cv-00257)
District Judge: Honorable J. Nicholas Ranjan

_____

Submitted on the Government's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on October 16, 2025

Before: BIBAS, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: November 4, 2025)

_____

———————

OPINION<sup>*</sup>

———————

PER CURIAM

Federal prisoner Aleksey Sosonko appeals pro se from the District Court's decision denying his habeas petition filed pursuant to 28 U.S.C. § 2241, as well as from the District Court's subsequent decision denying his related motion for reconsideration. The Government has moved to summarily affirm. We hereby grant that motion and will summarily affirm the District Court's judgment.

I.

Sosonko is serving concurrent, 160-month prison terms, imposed in 2020, for kidnapping and conspiracy to affect commerce by robbery. In 2023, after exhausting his administrative remedies, he filed a pro se § 2241 petition in the District Court, claiming that he was entitled to time credits to his sentence pursuant to the First Step Act ("FSA"). The Government opposed the petition, arguing that (1) his kidnapping conviction rendered him statutorily ineligible for FSA time credits, and (2) to the extent that he sought to challenge the validity of that conviction, he could not do so in a § 2241 action. The District Court agreed with the Government, denying Sosonko's § 2241 petition in a memorandum order entered May 14, 2025. Shortly thereafter, Sosonko filed a "Response to Court's

———————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Memorandum Order." The District Court construed that filing as a motion for reconsideration and denied that relief on June 2, 2025. This timely appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).[1] We review the District Court's decision denying § 2241 relief de novo, except that we review the District Court's factual findings for clear error. See Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013). And we review the District Court's decision denying reconsideration for abuse of discretion, exercising de novo review over the District Court's legal conclusions and reviewing its factual findings for clear error. See United States ex rel. Schumann v. Astrazeneca Pharms. L.P., 769 F.3d 837, 848 (3d Cir. 2014). Reconsideration is warranted only if the movant shows that (1) there has been "an intervening change in the controlling law," (2) there is new evidence that bears on the district court's underlying decision, or (3) there is a "need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

For substantially the reasons provided by the District Court, we agree with its decisions to deny Sosonko's § 2241 petition and deny his related motion for reconsideration. As the District Court explained, his kidnapping conviction renders him statutorily

---

[1] Although Sosonko's notice of appeal specifically mentioned only the District Court's June 2, 2025 decision, this appeal encompasses both that decision and the District Court's May 14, 2025 decision. See Fed. R. App. P. 3(c)(5). Sosonko does not need a certificate of appealability to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).

3

ineligible for FSA time credits, see 18 U.S.C. § 3632(d)(4)(D)(xxvi), and he cannot collaterally attack that conviction via a § 2241 petition, see Voneida v. Johnson, 88 F.4th 233, 236 (3d Cir. 2023) ("[A] federal prisoner seeking to collaterally attack his sentence generally must do so under [28 U.S.C.] § 2255 rather than § 2241."); see also Jones v. Hendrix, 599 U.S. 465, 478 (2023) (identifying the two exceptions to this general rule, neither of which applies in Sosonko's case). Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. I.O.P. 10.6.